*925 The opinion of the Court was delivered by
Fenner, J.
Plaintiffs claim a personal jndgment against Mrs. Legaré, and a recognition of a vendor’s lien on certain property’ now in the possession of L. Godcliaux, under purchase from the first named defendant.
Godcliaux bought the Souvenir Plantation from Mrs. Legaré by a private sale. At the date of his purchase, as appears from the mortgage certificate recited in the act, the claim' sued on stood recorded in the shape of the following note :
“ Souvenir Plantation, Jan. 5, 1878.
One year after date, I promise to pay to Messrs. Mcllvaine & Spiegel, of Cincinnati, Ohio, the sum of one thousand one hundred and seventy-five dollars, eight per cent, interest from date till paid. The above amount is the balance of the payment due on three boilers furnished the Souvenir Plantation in 1877.
[Signed] M. C. Legaré,
per J. Cecil Legaré.”
The case will be sufficiently understood from a statement and disposition of the various legal points raised.
1. Defendant claims that the above note is not sufficient evidence of a price due, to support a registry of a vendor’s privilege. We think there is nothing in this objection. “ Balance due on three boilers furnished the Souvenir Plantation,” would convey the idea to any reader that it meant balance of price due for boilers sold.
2. Plaintiff urges that Godcliaux has recognized this privilege and bound himself to satisfy it out of the property, under the terms of his purchase from Mrs. Legaré, in which he stipulated as follows : “ That the purchaser, as a further consideration, * * * without making himself personally liable or assuming to pay the same, further than herein agreed upon, takes the property subject to all the encumbrances recited in said mortgage certificate, and which ley ally affect the herein conveyed property and appurtenances.”
Our conviction is clear that Godcliaux is only bound by the encumbrances which “ ley ally affect” the property., and is not estopped from disputing the validity of any of them.
3. We think the fact that the privilege was only recorded a year and a half after the sale from which it sprung, is one which does not concern Godcliaux. Privileges are valid against third persons from the date of record. C. C. 3273.
This privilege was recorded anterior to Godchaux’s purchase, which was all that was necessary as to him, since he is before us solely in the capacity of purchaser. Recordation on the day of the contract, under C. C. 3274, is only essential to secure a preference over mortgages then *926 existing. Gay vs. Bovard, 27 An. 290 ; Id. 246, 275 ; 28 An. 365 ; 32 An. 315.
Whatever mortgages Godchaux may have held at the date of the contract, were unquestionably extinguished by confusion when he became the owner of the property by purchase at private and non-judicial sale. Murphy vs. Factors, 33 An. 463.
He is no longer a mortgage creditor, and has, therefore, no right to dispute the validity of plaintiffs’ lien, which was duly recorded at the date of his purchase, and binding on him as such purchaser.
4. We consider the sale of the boilers to Mrs. Legaré sufficiently proved; but we must say that the loans contractus is not established with sufficient certainty to enable us to recognize and enforce the vendor’s lien on the evidence before us.
Plaintiffs are residents of the State of Ohio and made the boilers there on the order of the agent of Mrs. Legaré.
We consider it well settled that this Court will take judicial notice of the well known fact that the common law forms the basis of the jurisprudence of our sister States of this Union, and that, under that system, the vendor’s privilege upon movables is not recognized. Copley vs. Stanford, 2 An. 335 ; Whiston vs. Stodder, 8 M. 984 ; Colt vs. O’Callaghan, 2 An. 984.
It is absolutely necessary, in order to sustain plaintiffs’ claim, that they should establish, either that the contract of sale was actually consummated in Louisiana, or that the common law has been so modified by Statute in Ohio as to establish a privilege in favor of the vendor of ■ movables, similar to that granted under our system. Nor do we think that defendant has forfeited his right to urge this defense by his urging of other special defenses in his pleadings.
As the evidence, however, is inconclusive on the question of where the sale was consummated, and as it appears that the objection norv under consideration was not suggested in the pleadings, we think the purposes of justice will be subserved by remanding this case for the taking of further testimony on this point.
It. is, therefore, ordered, adjudged and decreed, that in so far as the judgment appealed from gives personal judgment against Mrs. M. C. Legaré, the same be now affirmed; and that, in other respects, the same be annulled, avoided and reversed, and that this cause bo remanded to the District Court, for the purposes herein indicated, to be there proceeded with according to law and to the views herein expressed ; the costs of this appeal to be borne by the plaintiffs and appellees, and those of the lower court to abide the final judgment in the case.
Rehearing refused.